IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN WELDON BURNS,**

      **Plaintiff,**

**v.**                                                  **Civil Action No. 1:07cv7**
                                                      **(Judge Keeley)**

**DOMINIC A. GUTIERREZ, SUSAN S.
MCCLINTOCK, DR. RAMIREZ, MS.
BLANCO, DR. WATERS, LEWIS
BRESCOACH AND V. FERNANDEZ,**

      **Defendants.**

**PRELIMINARY REVIEW AND REPORT AND RECOMMENDATION**

On January 17, 2007, *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. On March 2, 2007, Plaintiff was granted permission to proceed as a pauper. Plaintiff paid an initial partial filing fee on March 13, 2007. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

**I. The Complaint**

In the complaint, Plaintiff asserts that the defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971), by denying him medical treatment in violation of the Eighth Amendment. Plaintiff asserts that he has exhausted his administrative remedies.

In support of his claims, Plaintiff asserts that in 1996, while incarcerated at the Butner Federal Correctional Institute ("Butner"), he was diagnosed with a hernia and placed on light duties. In December 2004, Plaintiff was transferred to FPC Seymour Johnson ("Seymour Johnson") where

he eventually injured his hernia while working in food services. More specifically, Plaintiff asserts that in October 2005, he was moving a fan into the dining room at Seymour Johnson and caused further injury to his hernia. Plaintiff reported to sick call several times and was finally examined by Dr. Ramirez. Plaintiff asserts that because he was in constant and continual pain, Dr. Ramirez recommended that Plaintiff receive surgery to correct the problem with his hernia and arranged an appointment for Plaintiff to visit a surgeon in 2005. However, Plaintiff never received surgery while at Seymour Johnson because the facility was eventually closed and he was transferred to the Federal Correctional Institution in Morgantown, West Virginia ("Morgantown").

Plaintiff arrived at Morgantown on February 2, 2006, and immediately notified medical staff of his injury and that surgery was necessary. The medical staff allegedly told Plaintiff that he would not receive such surgery because in their opinion, surgery was not warranted. Instead, Plaintiff asserts that he was merely advised to purchase Tylenol for his pain and was given light work duties. Plaintiff asserts that such treatment is inadequate because his hernia causes crippling and paralyzing pain which causes him to defecate on himself. Despite these problems, Plaintiff asserts that staff still does nothing more to help him and refuses to provide him with surgery.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be

2

dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. <u>See Neitzke</u> at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

### III. Analysis

### A. Claims Under § 1983

Title 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Accordingly, by its terms, § 1983 applies only to state actors and has no application in this case, a case against a federal employees. <u>See</u> <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980) (a claim for relief under § 1983 may be made only against persons who acted under color of *state* law)

---

[1] <u>Id.</u> at 327.

(emphasis added). However, the United States Supreme Court has created a counterpart to § 1983 so that individuals may bring a suit against a federal actor for violating a right guaranteed by the United States Constitution or federal law. See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, supra. Accordingly, the Court will address Plaintiff's claims under Bivens.

**B. Bivens Claims**

    1. Defendants Gutierrez and McClintock

Liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001) (internal citation omitted). Thus, in order to establish liability in a Bivens case, Plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3d Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

Here, Plaintiff does not allege any personal involvement on the part of Defendants Gutierrez or McClintock. Instead, it appears that Plaintiff has named those Defendants only in their official capacities as the Warden and Assistant Warden, respectively. However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Thus, remedy under Bivens is not available against the defendants in their official capacities.

Nonetheless, in Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit recognized that supervisory defendants may be liable in a Bivens action if the Plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the court recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." Id. However, Plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs. Id. Rather, Plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Id. In reviewing claims of medical care, supervisors are entitled to rely on the judgment of the medical staff as to the course of treatment prescribed. Id.

In this case, Plaintiff has not provided any evidence that these Defendants tacitly authorized or were indifferent to an alleged violation of his constitutional rights. Moreover, to the extent Plaintiff may be asserting that Defendants Gutierrez or McClintock were deliberately indifferent to his serious medical needs by denying his institutional grievances, that claim is also without merit as this is not the type of personal involvement required to state a Bivens claim. See Paige v. Kupec, 2003 WL 23274357 *1 (D. Md. March 31, 2003). Accordingly, Plaintiff cannot maintain his claims against Defendants Gutierrez and McClintock.

2. Defendant Ramirez

In order for a court to hear a case, the court must have both subject matter jurisdiction and

personal jurisdiction. In this case, the Court has subject matter jurisdiction over Plaintiff's claims because he alleges a violation of his Eighth Amendment rights. See 28 U.S.C. §1331 ("the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). However, the Court does not have personal jurisdiction over Defendant Ramirez.

For a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir.2001). The West Virginia long-arm statute is contained in W.Va. Code §56-3-33(a) and states:

> (a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of this subsection shall be deemed equivalent to an appointment by such nonresident of the secretary of state, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:
> (1) Transacting any business in this state;
> (2) Contracting to supply services or things in this state;
> (3) Causing tortious injury by an act or omission in this state;
> (4) Causing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (5) Causing injury in this state to any person by breach of warranty expressly or

impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state: Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Having an interest in, using or possessing real property in this state; or

(7) Contracting to insure any person, property or risk located within this state at the time of contracting.

(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivisions (1) through (7), subsection (a) of this section may be asserted against him or her.

The Southern District of West Virginia has succinctly stated the requirements for finding personal jurisdiction in federal court under the West Virginia long-arm statute:

> "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary . . . to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry." In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir.1997).
>
> To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interests here would not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within the forum state." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) see also In re Celotex, 124 F.3d at 628 (the minimum contacts must be "purposeful"). This occurs where the contacts "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)(emphasis in original), or where the defendant's efforts are "purposefully directed" at the state. Id. at 476, 105 S.Ct. 2174.

Vass v. Volva Trucks North America, Inc., 304 F. Supp. 2d 851, 854 (S.D. W.Va. 2004). Moreover, the Court may *sua sponte* raise the issue of personal jurisdiction when conducting a frivolity review under § 1915. See Hall v. Herman, 896 F. Supp. 588 (N.D. W.Va. 1995).

With regard to the actions of Dr. Ramirez at Seymour Johnson in North Carolina, Plaintiff has failed to assert any contact by that defendant with the state of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause. Thus, based on the complaint, the Court cannot exercise personal jurisdiction over Dr. Ramirez as any action he took appears to have occurred solely in North Carolina, and not anywhere in West Virginia. Consequently, Plaintiff's claims against Dr. Ramirez should be dismissed.

   3. Defendants Blanco, Dr. Waters, Brescoach and Fernandez

To state a claim under the Eighth Amendment for ineffective medical assistance, Plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S.

825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

With regard to defendants Ms. Blanco, Dr. Waters and Lewis Brescoach, Plaintiff asserts that those defendants are medical professional who have had some contact with Plaintiff regarding the treatment of his hernia and that each was deliberately indifferent in some way to his serious medical needs. In addition, Plaintiff asserts that V. Fernandez is his case management coordinator and has prevented Plaintiff from receiving medical assistance and surgery for his hernia. Accordingly, the undersigned is of the opinion that Defendants Blanco, Waters, Brescoach and Fernandez should be

made to answer Plaintiff's complaint.

## IV. Recommendation

In consideration of the foregoing, the undersigned recommends:

(1) Plaintiffs' claims under 42 U.S.C. § 1983 be DISMISSED with prejudice;

(2) Plaintiffs' <u>Bivens</u> claims against Defendants Gutierrez and McClintock be DISMISSED with prejudice;

(3) Plaintiffs' <u>Bivens</u> claims against Dr. Ramirez be DISMISSED with prejudice for lack of personal jurisdiction; and,

(4) the United States Marshal be directed to serve a copy of the complaint, a completed summons, and a completed Marshal 285 Form on defendants Blanco, Waters, Brescoach and Fernandez.[2]

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140

---

[2] Because the defendants are employees of a United States agency, the summonses should reflect that the defendants have 60 days in which to answer the complaint. <u>See</u> Fed. R. Civ. P. 12(a)(3)(A). Moreover, pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, a copy of the complaint and a completed summons should also be sent to the United States Attorney for the Northern District of West Virginia, and the Attorney General of the United States in Washington, D.C., via certified mail, return receipt requested.

(1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff.

DATED: March 19, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE