IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN WELDON BURNS,**

    **Plaintiff,**

**v.**                         **//**        **CIVIL ACTION NO. 1:07CV07**
                                                      **(Judge Keeley)**

**DOMINIC A. GUTIERREZ, SR.,**
**SUSAN S. MCCLINTOCK,**
**DR. RAMIREZ, MS. BLANCO,**
**DR. WATERS, LEWIS**
**BRESCOACH AND V. FERNANDEZ,**

    **Defendants.**

## ORDER AFFIRMING MAGISTRATE JUDGE'S PRELIMINARY REVIEW AND REPORT AND RECOMMENDATION

### I. Introduction

On January 17, 2007, John Weldon Burns ("Burns"), the pro se petitioner and an inmate at the Federal Correctional Institution in Morgantown, West Virginia ("FCI-Morgantown"), filed a civil rights complaint under 42 U.S.C. § 1983 and Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In his complaint, Burns alleges that the defendants, Bureau of Prisons ("BOP") staff at FPC-Seymour Johnson and FCI-Morgantown, have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution's prohibition against cruel and unusual punishment. Burns asserts that his diagnosed hernia and related symptoms require surgical intervention and that each of the defendants have played some role in refusing to authorize the needed surgery.

**Burns v. Gutierrez et al.**                                              1:07cv07

**ORDER AFFIRMING MAGISTRATE JUDGE'S PRELIMINARY REVIEW AND
REPORT AND RECOMMENDATION**

The Court referred Burns's civil rights action to United States Magistrate Judge James E. Seibert for initial review and a Report and Recommendation ("R&R"). After completing his initial review on March 19, 2007, Magistrate Judge Seibert issued a preliminary R&R making four recommendations: (1) that Burns's 42 U.S.C. § 1983 claims be dismissed with prejudice; (2) that Burns's <u>Bivens</u> claims against the Warden of FCI-Morgantown, defendant Dominic A. Gutierrez, Sr. ("Gutierrez"), and the Associate Warden, defendant Susan S. McClintock ("McClintock"), be dismissed with prejudice; (3) that Burns's <u>Bivens</u> claim against defendant Dr. Ramirez ("Dr. Ramirez") be dismissed with prejudice for lack of personal jurisdiction; and, (4) that the United States Marshals Service be directed to serve a copy of the complaint, a completed summons, and a completed Marshal 285 Form on defendants Ms. Blanco ("Blanco"), Dr. Waters ("Waters"), Lewis Brescoach ("Brescoach") and V. Fernandez ("Fernandez").

After conducting a <u>de novo</u> review of Burns' objections to the recommendations, the Court **AFFIRMS** Magistrate Judge Seibert's recommendations, **DISMISSES WITH PREJUDICE** Burns's 42 U.S.C. § 1983 claims, and **ORDERS** that Burns's <u>Bivens</u> claims be served on defendants Blanco, Waters, Brescoach, and Fernandez.

**II.   <u>Background</u>**

**Burns v. Gutierrez et al.**                                              1:07cv07

## ORDER AFFIRMING MAGISTRATE JUDGE'S PRELIMINARY REVIEW AND REPORT AND RECOMMENDATION

In 1996, while incarcerated at FCI-Butner, Burns alleges that a medical doctor on staff diagnosed him with a hernia and placed him on light duty work assignments. In December 2004, Burns was transferred to FPC-Seymour Johnson where, in October 2005, he alleges that he injured his hernia while working in the Food Service Department when he moved a fan into the dining area of the facility. After suffering continual pain from the injured hernia and repeatedly requesting medical attention, Burns states that he was eventually seen by Dr. Ramirez, the second BOP staff doctor to diagnose Burns with a hernia. Thereafter, Burns asserts that Dr. Ramirez recommended that he receive surgery to repair or correct his hernia and arranged an appointment for him to receive surgery by a doctor in the community. Dr. Ramirez, however, left FPC-Seymour Johnson without finalizing logistical preparations for the surgery, and Burns did not meet with any doctor outside the BOP.

On February 2, 2006, when FPC-Seymour Johnson closed, Burns was transferred to FCI-Morgantown. Burns states that upon arrival he explained to medical staff the extreme pain he endured and requested the prescribed surgery. According to Burns, medical staff "assured" him that his hernia would not undergo operation while he resided at FCI-Morgantown. Prior to filing the instant civil rights action, Burns sought relief through the BOP's local, regional, and central offices. His repeated requests for hernia

3

surgery have been denied. Furthermore, Burns states that he has been told to purchase Tylenol for the pain, work light duties, and try to avoid further injury. Burns states that he experiences extreme pain that temporarily cripples and paralyzes him and causes him to defecate on himself.

On January 17, 2007, pursuant to 42 U.S.C. § 1983 and Bivens, Burns filed his pro se complaint, suing seven defendants in both their individual and official capacities.

On March 19, 2007, Magistrate Judge Seibert recommended that some of Burns's Bivens claims should proceed on the merits, but that only four of the seven defendants named in the complaint should be made to answer those claims. As noted earlier, Burns objected to the R&R on March 23, 2007.

### III. Magistrate Judge's Preliminary Review and Report & Recommendation

In accord with Gomez v. Toledo, 446 U.S. 635, 640 (1980), in the R&R, Magistrate Judge Seibert first recommended dismissal of all of Burns's 42 U.S.C. § 1983 claims with prejudice because no state actors are present in this case. Next, he analyzed Burns's Bivens claims with regard to each named defendant to determine whether those claims properly lie against that defendant and should proceed.

**1. Defendants Gutierrez and McClintock**

**ORDER AFFIRMING MAGISTRATE JUDGE'S PRELIMINARY REVIEW AND
REPORT AND RECOMMENDATION**

In determining the liability of FCI-Morgantown's Warden and Associate Warden respectively, Magistrate Judge Seibert states that Burns's claims against Gutierrez and McClintock fail because (1) a suit against a federal official is a suit against the United States, (2) Burns did not specify Gutierrez and McClintock's unconstitutional acts, and (3) Burns did not allege any personal involvement on the part of Gutierrez and McClintock that is causally connected to the alleged harm.  Kentucky v. Graham, 473 U.S. 159, 166 (1985).

After reviewing Burns's complaint, Magistrate Judge Seibert concluded that Burns had failed to provide evidence that defendants Gutierrez and McClintock either indirectly authorized or lacked interest in a possible violation of his constitutional rights and that Burns's deliberate indifference claims against them lack the element of personal involvement required in a Bivens claim.  Thus, the magistrate judge recommended that Burns's complaint not be served on defendants Gutierrez and McClintock, and that they be dismissed from this case.

**2.  Defendant Ramirez**

With regard to defendant Ramirez, Magistrate Judge Seibert found that Burns's complaint did not allege any contact by Dr. Ramirez with the State of West Virginia.  Burns states that Dr. Ramirez diagnosed Burns's hernia, recommended surgery, and

5

practiced medicine in North Carolina at FCI-Seymour Johnson until its close. Burns's complaint and objection are silent as to whether Dr. Ramirez has any West Virginia contacts and where Dr. Ramirez currently resides or practices. Accordingly, because the Court lacks personal jurisdiction over Dr. Ramirez, the magistrate judge recommended that all claims against Dr. Ramirez be dismissed with prejudice.

### 3. Defendants Blanco, Waters, Brescoach and Fernandez

Magistrate Judge Seibert recommends that defendants Blanco, Waters, Brescoach, and Fernandez be made to answer Burns's complaint because Burns's allegations explain how these defendants were personally involved in the allegedly improper denial of surgery. These defendants include Burns's case management coordinator and other medical staff at FCI Morgantown. They are BOP officials who allegedly either prevented Burns's surgery or were deliberately indifferent to his serious medical needs.

## IV. Burns's Objections to the Magistrate Judge's Report and Recommendation

In his objections to the R&R, Burns presents no new claims and does not object to the magistrate judge's determination that Gutierrez and McClintock could not be sued in their official capacity. Additionally, Burns does not object to Magistrate Judge Seibert's recommended dismissal of all 42 U.S.C. § 1983 claims and

dismissal of Dr. Ramirez for lack of personal jurisdiction. Accordingly, the court **ADOPTS** Magistrate Judge Seibert's recommendations on these issues.

Instead, Burns objects to Magistrate Judge Seibert's recommendation that his Bivens claims against defendants Gutierrez and McClintock be dismissed. Burns contends that the R&R failed to analyze the individual acts of Wardens Gutierrez and McClintock and failed to consider evidence of their deliberate indifference alleged in the complaint.

## V. Standard of Review

The Court liberally construes pro se complaints that raise civil rights issues. Gordon v. Leeks, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under that liberal standard, however, the Court has the authority to dismiss an in forma pauperis action that is frivolous or malicious or that fails to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Such dismissal is proper when, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear that, as a matter of law, no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002).

7

**<u>Burns v. Gutierrez et al.</u>**                                           1:07cv07

**ORDER AFFIRMING MAGISTRATE JUDGE'S PRELIMINARY REVIEW AND
REPORT AND RECOMMENDATION**

Following a Magistrate's Report and Recommendation concerning a prisoner's complaint, the Court will review <u>de novo</u> any portions of the Report and Recommendation to which a specific objection is made, 28 U.S.C. § 636(b)(1), and the Court may adopt, without explanation, any of the Magistrate's recommendations to which the prisoner does not object. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

### VI. <u>Analysis</u>

This Court summarily adopts the portions of Magistrate Judge Seibert's R&R to which Burns has not objected and will conduct a <u>de novo</u> review of his objections.

Burns presents his objection to the recommended dismissal of defendants Gutierrez and McClintock in two parts. He contends 1) that the magistrate judge failed to evaluate the allegations in his complaint regarding the wardens' actions in their individual capacities[1], and 2) that he does allege sufficient personal involvement by Wardens Gutierrez and McClintock to support a <u>Bivens</u> action against them. Finding that both parts of Burns's objection

---

[1] Burns references sentences in his complaint stating that he is suing Gutierrez and McClintock both "in their individual and official capacities." (dkt. no. 13, p 1, ¶ 3; Compl. p 2, ¶¶ 2-3.) The Court, however, finds that because neither the complaint nor the objection provides any evidence of the wardens' involvement beyond their participation in the administrative appeal process, as reflected in the R&R, the magistrate judge analyzed all relevant information in the complaint for Burns's potential <u>Bivens</u> claims against Gutierrez and McClintock.

8

relate to the same issue, the Court will conflate them for purposes of analysis.

To establish a Bivens claim, a plaintiff must specify the unconstitutional acts each defendant committed to deprive plaintiff of a federal right, show the defendant's personal involvement in denying an inmate his or her federal right, and establish a causal connection to the harm alleged. Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984); West v. Atkins, 487 U.S. 42, 49 (1988); Gomez, 446 U.S. at 640; Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). Additionally, to establish an Eighth Amendment violation, an inmate must prove that: (1) objectively, the deprivation of a basic human need was "sufficiently serious;" and (2) subjectively, the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297-98 (1991).

Relying on Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990), Magistrate Judge Seibert notes that inmate supervisors may be found liable in a Bivens action in the Fourth Circuit when (1) "the supervisory defendants failed promptly to provide an inmate with needed medical care," (2) "the supervisory defendants deliberately interfered with the prison doctor's performance," or (3) "the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." Id. at 854 (internal citations omitted). Unless exceptional circumstances are

alleged, a cognizable claim under the Eighth Amendment is not raised when allegations reflect mere disagreement between the inmate and a physician over the inmate's proper medical care. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

**Failure to Establish a Bivens Claim**

Burns' Bivens claim against Wardens Gutierrez and McClintock is predicated on the theory that they trained and supervised other correctional personnel at FCI-Morgantown who have continually denied his requested surgery. Such training and supervision, however, fall within a warden's standard administrative responsibilities and do not reach the level of personal involvement. See Slakan, 737 F.2d at 373 (stating that a warden's responsibilities include monitoring the conduct of and training prison personnel); see Zatler, 802 F.2d at 401 (dismissing inmate's 42 U.S.C. 1983 claim against prison official because the supervision of prison personnel does not constitute personal involvement); see Peterson v. Price, No. 5:06cv106, 2007 U.S. Dist. LEXIS 40499, at *30 (N.D.W. Va. June 4, 2007) (finding that wardens and associate wardens are not liable in a Bivens claim for the conduct of "the staff that they supervise in their official capacities").

Burns also alleges that Wardens Gutierrez and McClintock acted unconstitutionally when they personally denied his written and oral

10

requests for surgery. In his complaint, he attaches three letters where he asserts having reported his pain and need for surgery to Associate Warden McClintock. He also attaches her denial letter. In his objection, Burns also states that another inmate was present when the warden denied Burns's requested surgery during a verbal interview.

Administrative refusals do not constitute personal involvement. See Petersen, 2007 U.S. Dist. LEXIS 40499, at *34 (finding no constitutional violation when wardens deny institutional grievances); see Barner v. Williamson, No. 3:cv05-1972, 2007 U.S. Dist. LEXIS 42942, at *23-24 (M.D. Pa. March 27, 2007) (finding no liability in a Bivens claim when wardens are sued based on "their administrative roles or based upon conduct undertaken by employees under their supervision"). Burns fails to show how either warden personally prevented his surgery or acted outside the scope of his respective responsibilities as prison administrator. Refusing inmate requests and relying on the judgment of BOP medical staff in making such decisions does not raise the specter of a constitutional violation. Miltier, 896 F.2d at 854.

## VII. Conclusion

The Court **AFFIRMS** the Magistrate Judge's Report and Recommendation (dkt. no. 12), **DISMISSES WITH PREJUDICE** Burns's 42 U.S.C. § 1983 claim, **DISMISSES WITH PREJUDICE** Burns's Bivens claims

**ORDER AFFIRMING MAGISTRATE JUDGE'S PRELIMINARY REVIEW AND
REPORT AND RECOMMENDATION**

against Wardens Gutierrez and McClintock in both their official and individual capacities, **DISMISSES WITH PREJUDICE** Burns's <u>Bivens</u> claim against Dr. Ramirez, and **ORDERS** that Burns's <u>Bivens</u> claims be served on defendants Blanco, Waters, Brescoach, and Fernandez.

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the petitioner, certified mail, return receipt requested, and to transmit a copy of this Order to counsel of record and all appropriate agencies.

Dated: August 14 , 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE