IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN WELDON BURNS,**

      **Plaintiff,**

v.                                    **CIVIL ACTION NO. 1:07cv07**
                                         **Judge Keeley**

**WARDEN GUTIERREZ, et al.,**

      **Defendants.**

## ROSEBORO NOTICE

On October 18, 2007, the defendants filed a Motion to Dismiss , or in the alternative, Motion for Summary Judge in response to the plaintiff's Bivens complaint. The Court notes that the plaintiff is proceeding pro se. The Court has a mandatory duty to advise the plaintiff of his right to file responsive material, and to alert him to the fact that his failure to so respond might result in the entry of an order of dismissal against him. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F2d 309, 310 (4th Cir. 1975). The plaintiff is so advised.

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S.41, 45-46 (1957).

Summary judgment is appropriate "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(c). "A party seeking summary judgment

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party is required "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 322.

When a moving party supports its motion under Rule 56 with affidavits and other appropriate materials pursuant to the rule, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . the response . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted).

Therefore, within **thirty (30) days** of the date of entry of this Order, the plaintiff shall file any opposition to the defendants' motions explaining why his complaint should not be dismissed.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

IT IS SO ORDERED.

DATED: October 19, 2007

                                                /s/ James E. Seibert
                                                JAMES E. SEIBERT
                                                UNITED STATES MAGISTRATE JUDGE